Mark M. Bettilyon (4798)
Rick B. Hoggard (A5088)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile:  (801) 532-7543

*Attorneys for Plaintiffs*

FILED
U.S. DISTRICT COURT

2005 DEC 22  P 4: 09

DISTRICT OF UTAH

BY:_____
   DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| IDAHO TECHNOLOGY, INC., an Idaho corporation; UNIVERSITY OF UTAH RESEARCH FOUNDATION, a non-profit organization,<br><br>Plaintiffs,<br><br>-vs-<br><br>CEPHEID, a California corporation,<br><br>Defendant. | **COMPLAINT**<br><br>Judge Ted Stewart<br>DECK TYPE: Civil<br>DATE STAMP: 12/22/2005 @ 16:08:13<br>CASE NUMBER:  2:05CV01063  TS |

Plaintiffs, Idaho Technology, Inc. and the University of Utah Research Foundation (collectively "Plaintiffs") allege as follows:

### THE PARTIES

1.   Idaho Technology, Inc. is an Idaho corporation with its principal place of business located at 390 Wakara Way, Salt Lake City, Utah 84108.

2. The University of Utah Research Foundation is a non-profit organization organized under the laws of the State of Utah, with its principal office located at University of Utah Technology Commercialization Office, 615 Arapeen Drive, Suite 310, Salt Lake City, Utah 84108.

3. Plaintiffs are informed and believe that Cepheid is a California corporation with its principal place of business at 904 Carribean Drive, Sunnyvale, California 94089.

## JURISDICTION AND VENUE

4. This action is brought under the Patent Laws of the United States, 35 U.S.C. § 271 and 281. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§1338(a) and 1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400.

6. Cepheid is subject to jurisdiction in Utah because it regularly sells and has sold products in the State of Utah, including products which infringe, contribute to the infringement and/or vicariously infringe the patent claims at issue in this dispute.

## FACTUAL BACKGROUND

7. The present dispute involves a molecular biological process called the Polymerase Chain Reaction ("PCR"). PCR is a molecular biological technique which allows for the amplification or duplication of nucleic acids including DNA. PCR is an important tool because it enables a DNA sample to be amplified so that a sufficient quantity of identical DNA segments are created for further biological study.

8. PCR is achieved by temperature cycling of a sample. In this process, the two strands of the DNA are first separated, specific primers are then annealed to the DNA segments and the segments are then replicated. This cycling process must be repeated numerous times before sufficient quantities of DNA segments are created for further testing purposes.

9. The present dispute involves equipment manufactured by Cepheid which employ PCR cycling methods which infringe patent claims owned by Plaintiffs.

10. University of Utah Research Foundation is the owner and assignee of United States Patent No. 6,787,338 B2 which issued September 7, 2004 (the "'338 Patent"). Idaho Technology, Inc. is the exclusive licensee of the '338 patent. A copy of the '338 Patent is attached hereto as Exhibit A.

11. The '338 Patent, entitled "Method for Rapid Thermal Cycling of Biological Samples," discloses and claims methods for rapidly amplifying samples of biological material via a thermal cycling process, including PCR cycling methods used by Cepheid.

12. University of Utah Research Foundation is also the owner and assignee of United States Patent No. 6,174,670 B1, entitled "Monitoring Amplification of DNA During PCR," which issued January 16, 2001 (the '670 Patent"). Idaho Technology, Inc. is the exclusive licensee of the '670 patent. A copy of the '670 Patent is attached hereto as Exhibit B.

13. Claims 76 and 77 of the '670 Patent—which are the only two claims of the '670 Patent at issue in this dispute—relate to methods of analyzing nucleic acid hybridization by providing a nucleic acid fluorescent entity and monitoring fluorescence while changing temperature, including certain nucleic acid analyzing methods used by Cepheid.

3

14. University of Utah Research Foundation is also the owner and assignee of United States Patent No. 6,569,627 B2, which issued May 27, 2003 (the '627 Patent"). Idaho Technology, Inc. is the exclusive licensee of the '627 Patent. A copy of the '627 Patent is attached hereto as Exhibit C.

15. The '627 Patent, entitled "Monitoring Hybridization During PCR using SYBR™ Green I," discloses and claims methods of amplifying a nucleic acid in the presence of SYBR™ Green I, including PCR cycling methods used by Cepheid.

16. Cepheid manufactures, uses, sells, and offers to sell, products under the GeneXpert and SmartCycler brand names which infringe directly the patent claims at issue in this dispute. Cepheid also provides instructions to its customers which induce infringement of the patent claims at issue in this dispute. Cepheid also provides equipment and kits to its customers which contribute to the infringement of Plaintiffs' patent claims.

## FIRST CLAIM FOR RELIEF

(Direct Infringement, 35 U.S.C. § 271(a)

17. Plaintiffs hereby incorporate by reference the preceding paragraphs.

18. Cepheid has manufactured, used, sold, or offered for sale and/or manufactures, uses, sells and offers for sale, products which utilize the methods of the '338 Patent, the methods described in Claims 76 and 77 of the '670 Patent, and the methods of the '627 Patent.

19. The products sold by Cepheid which infringe these claims include but are not limited to devices sold under the brand names "GeneXpert" and "SmartCycler" and kits sold under the brand name "IDI-Strep B Test."

20. Plaintiffs are informed and believe Cepheid has sold such devices in this judicial district and elsewhere in the United States.

21. This conduct constitutes a direct infringement of the '338 Patent, claims 76 and 77 of the '670 Patent, and the '627 Patent.

22. Cepheid has actual and/or constructive knowledge of the '338, '670, and '627 Patents but despite such knowledge Cepheid has and continues to willfully infringe the Patent claims at issue in this dispute.

23. Plaintiffs have been damaged by these acts of infringement and will continue to be harmed unless Cepheid's further acts of infringement are restrained by Order of the Court.

## SECOND CLAIM FOR RELIEF

(Inducement of Patent Infringement 35 U.S.C. § 271(b))

24. Plaintiffs hereby incorporate by reference the preceding paragraphs.

25. Cepheid intentionally induces infringement of the '338 Patent, claims 76 and 77 of the '670 Patent, and the '627 Patent. Cepheid's intentional inducement includes, but is not limited to its marketing, sales, and instructions for use of its GeneXpert and SmartCycler products.

26. Plaintiffs are informed and believe that Cepheid provides written and oral instructions to actual and prospective customers to use methods disclosed by the '338 Patent, Claims 76 and 77 of the '670 Patent, and the '627 Patent. Further, use of the Cepheid products as instructed has and will result in infringement of the '338 Patent, claims 76 and 77 of the '670 Patent, and the '627 Patent.

27. Cepheid has had actual notice and constructive notice of the '338, '670, and '627 Patents while inducing such infringement.

28. Cepheid's inducement of infringement is willful.

29. Plaintiffs have been damaged by these acts of infringement and will continue to be harmed unless Cepheid's further acts of infringement are restrained by Order of the Court.

### THIRD CLAIM FOR RELIEF

(Contributory Infringement 35 U.S.C. § 271(c))

30. Plaintiffs hereby incorporate by reference the preceding paragraphs.

31. Cepheid also contributes to the infringement of the '338 Patent, claims 76 and 77 of the '670 Patent, and the '627 Patent, by providing infringers with kits such as the IDI-Strep B Test for use on the GeneXpert and SmartCycler products, which on information and belief, have no substantial noninfringing use.

32. Cepheid has had actual notice and constructive notice of the '338, '670, and '627 Patents while contributing to such infringement.

33. Cepheid's contributory infringement is willful.

34. Plaintiffs have been damaged by these acts of infringement and will continue to be harmed and unless Cepheid's further acts of infringement are restrained by Order of the Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter a judgment and decree as follows:

1. A declaration that Cepheid has and is infringing one or more claims of the '338 Patent, claims 76 and 77 of the '670 Patent, and one or more claims of the '627 Patent;

2. A permanent injunction enjoining Cepheid, its offers, directors, employees, agents, and attorneys and all persons in active concert or participation with them from infringing one or more claims of the '338 Patent, claims 76 and 77 of the '670 Patent, and one or more claims of the '627 Patent;

3. A permanent injunction requiring Cepheid to cease the manufacture, sales, distribution or promotion of all products developed in whole or in part which infringe, or which when used infringe, one or more of the claims of the '338 Patent, claims 76 or 77 of the '670 Patent, and one or more claims of the '627 Patent;

4. A permanent injunction requiring the impoundment and destruction of all products developed in whole or in party by Cepheid which infringe, or when used infringe, one or more claims of the '338 Patent, claims 76 or 77 of the '670 Patent, and one or more claims of the '627 Patent;

5. Awarding Plaintiffs' damages, together with prejudgment interest, based on Cepheid's infringement of the '338 Patent, claims 76 and 77 of the '670 Patent, and one or more claims of the '627 Patent, and trebling the same pursuant to 35 U.S.C. § 284 for the willful, wanton, and deliberate nature of such infringement;

6. Awarding Plaintiffs their costs and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

7. Granting Plaintiffs such other and further relief as this Court deems proper and just.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED this 22nd day of December, 2005.

RAY QUINNEY & NEBEKER P.C.

/s/ Mark Bettilyon

Mark M. Bettilyon
Rick B. Hoggard

*Attorneys for Plaintiffs*

Plaintiffs' Address

Idaho Technology, Inc.
390 Wakara Way
Salt Lake City, Utah 84108

University of Utah Research Foundation
University of Utah Technology Commercialization Office
615 Arapeen Drive, Suite 310
Salt Lake City, Utah 84108

854006